UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

Plaintiff,        **AMENDED MEMORANDUM
OPINION AND ORDER**
Criminal No. 16-cr-75 (MJD/LIB)

v.

Derrick Angelo Harper,

Defendant.

Melinda A. Williams, Assistant United States Attorney, Attorney for Plaintiff.

Derrick Angelo Harper is *pro se.*

## I.   INTRODUCTION

This matter is before the Court on Defendant Derrick Angelo Harper's

Motion to Vacate under 28 U.S.C. § 2255 (Doc. 70), Defendant's Motion to

Appoint Counsel (Doc. 72), Defendant's Motion to Amend the Docket (Doc. 85),

the Government's Motion to Dismiss Defendant's Motion as Untimely (Doc. 86),

and Defendant's Motion to Respond to the Government's Motion to Dismiss

(Doc. 89).

1

## II.   BACKGROUND

On August 11, 2016, Harper pled guilty to Count 1 of the Indictment, Bank Robbery, in violation of 18 U.S.C. § 2113(a).  (Doc. 41.)  On January 25, 2016, Harper approached a teller at the Park State Bank in Duluth and made an oral demand for money, stating "give me $5,000 or I'll hurt you."  (Doc. 42.)  Harper was on supervised release at the time and had been previously convicted of two other bank robberies.  See United States v. Harper, 0:00-cv-311 (MJD/JGL) (D. Minn. 2000); United States v. Harper, 0:05-cr-173 (DSD/RLE) (D. Minn. 2005).

The plea agreement in this case noted that the Government believed Harper qualified for a sentencing enhancement as a "career offender" under U.S.S.G. § 4B1.1 because of his two prior bank robbery convictions.  (Doc. 42 at 3.)  Harper reserved his right to challenge his "career offender" designation at sentencing.  (Id.)

Harper did challenge his career offender designation, both at sentencing and on appeal to the Eight Circuit Court of Appeals.  See United States v. Harper, 869 F.3d 624 (8th Cir. 2017).  Prior to sentencing, Harper filed a motion requesting that he not be designated as a career offender.  (Doc. 49.)  Harper argued that his prior convictions for federal bank robbery should not count as

predicate offenses for the career offender enhancement because bank robbery does not qualify as a "crime of violence" under U.S.S.G. § 4B1.2. (Id. at 2.) The Court determined otherwise and applied the enhancement, sentencing Harper to a term of 188 months, with 3 years of supervised release to follow. (Doc. 52.) Harper raised the same arguments regarding his career offender status on appeal, and the Eighth Circuit affirmed this Court's decision in a written opinion. Harper, 869 F.3d at 627.

On December 24, 2021, Harper filed the instant Motion to Vacate under 28 U.S.C. § 2255. (Doc. 70.) Harper raises four grounds for relief. All but one of these grounds are premised on the erroneous argument that Harper's two prior bank robbery convictions should have only served as a single predicate offense for the purpose of determining whether Harper qualified as a career offender at sentencing.

On January 10, 2022, Harper also filed a pro se motion requesting that the Court appoint counsel to represent him with regard to his § 2255 Motion. (Doc. 72.)

Harper also filed two requests to the Court that he styled as motions. (Docs. 85, 89.) In these submissions, Harper seeks to correct a statutory citation

3

in his briefing and requests permission to respond to the Government's Motion to Dismiss his § 2255 Motion as untimely.  (Id.)  For the latter request, the Court had already granted Harper permission to respond to the Government's briefing (Doc.  80) and, in any event, Harper included his response to the government's Motion to Dismiss in his submission.   (See Doc. 89.)

On April 18, 2022, the Government filed a Motion to Dismiss Harper's § 2255 Motion, arguing the Motion is untimely under the one-year filing deadline found in 28 U.S.C. § 2255(f)(1).   (Docs. 86–87.)

## III.    DISCUSSION

### A.  Standard for Relief Under 28 U.S.C. § 2255.

28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The Eighth Circuit has further explained,

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would

> result in a complete miscarriage of justice.  A movant may not
> raise constitutional issues for the first time on collateral review
> without establishing both cause for the procedural default and
> actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citations omitted).

Alternatively, the procedural default can be excused if the defendant can

demonstrate that he is actually innocent.  Bousley v. United States, 523 U.S. 614,

622 (1998).

A petitioner is not entitled to an evidentiary hearing on a § 2255 motion

where "the motion and the files and records of the case conclusively show that

the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).

> [A] petition can be dismissed without a hearing if (1) the petitioner's
> allegations, accepted as true, would not entitle the petitioner to
> relief, or (2) the allegations cannot be accepted as true because they
> are contradicted by the record, inherently incredible, or conclusions
> rather than statements of fact.

Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted).

### B. The Government's Motion to Dismiss Harper's Petition as Untimely.

A motion under 28 U.S.C. § 2255 must be brought within one year from the

latest of the following four events:

**(1)** the date on which the judgment of conviction becomes final;

**(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

**(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The date on which Harper's judgment became final under 28 U.S.C. § 2255(f)(1) is the only applicable event for determining the one year deadline in this case.  In Clay v. United States, the Supreme Court held that "[f]or the purpose of starting the clock on § 2255's one-year limitation period . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."  537 U.S. 522, 1076 (2003).  Under Clay, Harper's judgment became final on November 21, 2017 because this was the last day that Harper could have appealed the Eighth Circuit's decision to the Supreme Court.  See Supreme Ct. R. 13.1, 13.3.  Accordingly, Harper only had until November 21, 2018 to file his Motion to

Vacate under § 2255(f).  But Harper did not file his Motion until December 29, 2021.  (Doc. 70.)  Harper's Motion is, therefore, untimely.

### C. Ground One: Violation of Due Process Rights for Enhanced Sentence Based on Defendant's Two Prior Bank Robbery Convictions.

Even if Harper's Motion were timely, it fails on the merits.  Harper argues the Court violated his due process rights by counting both his 2001 and 2005 convictions for bank robbery as predicate offenses under U.S.S.G. § 4B1.1(a) for sentencing purposes.  Harper argues the Court was required to count these two prior offenses as one predicate offense because the Court imposed concurrent sentences for Harper's 2005 offense and his supervised release violation on his 2001 conviction.  Harper argues, without any supporting authority, that when a court issues concurrent sentences for a supervised release violation and a new offense, the older offense "aggregates" with the new offense and the two offenses become one for the purposes of determining whether the Defendant is a career offender.  In the alternative, Harper argues the Court should not have counted his 2001 conviction as a predicate offense under U.S.S.G. § 4A1.2(e) because it occurred more than ten years prior to his 2016 offense.

Harper's first argument fails because the career offender enhancement under U.S.S.G. § 4B1.1 does not require the Court to combine two predicate offenses into one predicate offense when a defendant receives a concurrent sentence for violating his supervised release conditions along with the sentence for his new offense.  The Court did not impose the initial sentences for Harper's 2001 and 2005 bank robbery convictions at the same time and the two are not a single sentence.  Each conviction can—and does—count as a separate predicate offense under § 4B1.1, meaning the Court properly categorized Harper as a career offender at the sentencing for his 2016 bank robbery.

Harper's second argument fails because U.S.S.G. § 4A1.2(e) did not bar the Court from counting Harper's 2001 conviction in computing his criminal history. U.S.S.G. § 4A1.2 provides definitions and instructions for computing a defendant's criminal history for sentencing purposes.  U.S.S.G. § 4A1.2(e)(1) allows the Court to count "any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period."  The fifteen-year period referred to is the period "within fifteen years of the defendant's commencement of the instant offense."  U.S.S.G. § 4A1.2(e)(1).

Here, Harper pled guilty to robbing the Park State Bank in Duluth on January 25, 2016.  (Doc. 42.)  Harper did not finish serving his period of incarceration for his 2001 conviction until 2007 at the earliest because he violated the conditions of his supervised release by robbing another bank in 2005. Harper's January 25, 2016 sentence was, therefore, imposed within fifteen years of the date on which Harper completed his period of incarceration for his 2001 conviction.  Accordingly, U.S.S.G. § 4A1.2(e) did not bar the Court from considering Defendant's 2001 conviction in computing his criminal history.

### D.  Ground Two: "Plain Error" Under Rule 52(b).

Harper argues the Court committed a "plain error" under Federal Rule of Criminal Procedure 52(b) by sentencing him as a career offender.  Under Rule 52(b), "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention."  Fed. R. Crim. P. 52(b).  A "plain error" under Rule 52(b) "means that the trial court's action affected the defendant's substantial rights resulting in a miscarriage of justice."  United States v. Anderson, 654 F.2d 1264, 1268 (8th Cir. 1981) (citing West v. United States, 359 F.2d 50, 53 (8th Cir. 1966)).  The Court did not commit a plain error under this

Rule because the Court correctly categorized Harper as a career offender under U.S.S.G. § 4A1.1 for the reasons described above.

### E. Ground Three: Newly Discovered Evidence Regarding Concurrent Sentencing for Two Prior Bank Robbery Convictions.

Next, Harper argues that he is entitled to relief based on "newly discovered evidence." (Doc. 70 at 4.) Specifically, Harper submitted a Freedom of Information Act request for his court records in 2021 and, as a result, he asserts he "now ha[s] supporting document[s] showing that his 2005 conviction was aggregated into one group." (Id.) He argues that this information unknown to him at "the time of his 2016 conviction." (Id.)

Harper's newly discovered evidence argument fails for at least three reasons. First, even if Harper did only just discover his court records stating that he was sentenced to concurrent terms for his supervised release violation and second bank robbery conviction in 2005, it is unclear what relief this discovery would entitle Harper to receive from this Court. Newly discovered evidence is ordinarily a basis for allowing a petitioner to file a second or successive § 2255 motion, it is not a basis for relief in and of itself. See 28 U.S.C. § 2255(h)(1). Further, this is Harper's first § 2255 motion.

Second, even construing Harper's argument liberally, the evidence he claims to have discovered could not alter the Court's original sentence. Nothing in the Sentencing Guidelines prohibited the Court from counting both of Harper's prior bank robbery convictions as predicate offenses for the reasons stated above.

Third, this evidence is not newly discovered. The fact that Harper was sentenced to concurrent terms of imprisonment for violating the terms of his supervised release related to his 2001 conviction and for his 2005 bank robbery offense was always readily available to Harper. It is unclear how Harper could not have known this fact given that he received both sentences on the same day. See Case No. 00-311 at Doc. No. 52; Case No. 05-173 at Doc. No. 40. Also, the Judgment and Commitment for his supervised release violation clearly states that he was "to be imprisoned for a total term of 18 months to be served concurrently to defendant's term of imprisonment in Criminal No. 05-173 (DSD/RLE)." Case No. 00-311 at Doc. No. 52 (emphasis added). Not only was the fact that Harper was sentenced to concurrent terms apparent from the face of the Judgment, but it was also reflected in the Presentence Investigation Report provided to Harper in connection with his sentencing for his 2016 bank robbery

11

conviction.  (Doc. 56 at 9.)  Thus, this information, even if somehow relevant to Harper's present motion, cannot qualify as newly discovered evidence because it was readily available to Harper for many years through the exercise of reasonable diligence.

### F.  Ground Four: Ineffective Assistance of Counsel.

Finally, Harper argues his trial counsel was constitutionally ineffective at his 2016 sentencing for two reasons.  First, Harper argues his counsel was constitutionally ineffective because he asked her "to bring up his 2000 and 2005 conviction being aggregated together" but she did not bring up this argument before this Court or the Eighth Circuit Court of Appeals.  (Doc. 70 at 5.)  Second, Harper argues his attorney was ineffective because he asked her to obtain a "psychiatric evaluation" for him because "he believe[d] he suffered from PTSD," but that his attorney did not do so.  (Id.)

### 1.  Ineffective Assistance of Counsel Standard.

To gain relief for ineffective assistance of counsel, Defendant must establish both that his counsel's performance "fell below an objective standard of reasonableness," and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 678–88 (1984).  The burden is on

Defendant to establish a "reasonable probability that, but for counsel's unprofessional errors, the result would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Thai v. Mapes, 412 F.3d 970, 978 (8th Cir. 2005) (quoting Strickland, 466 U.S. at 687). The Court "need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

Counsel's performance is deficient if it falls outside of the "wide range of reasonable professional assistance," although there is a "strong presumption" that counsel's conduct falls within this broad spectrum. Strickland, 466 U.S. at 689. "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. "Counsel's performance is deficient when it is less competent than the assistance that should be provided by

a reasonable attorney under the same circumstances." <u>Chambers v. Armontrout</u>,

907 F.2d 825, 828 (8th Cir. 1990) (citing <u>Strickland</u>, 466 U.S. at 687).

### 2. Alleged Failure to Challenge Sentencing Enhancement Based on "Aggregated" Sentences for Two Prior Convictions.

Harper's first argument in support of his ineffective assistance of counsel

claim fails because the Court was not prohibited from counting both of his bank

robbery convictions as predicate offenses in sentencing Harper as a career

offender for the reasons stated above.  Therefore, because the alleged error

Harper relies on was not an error at all, Harper cannot show a "reasonable

probability" that the outcome of his sentencing would have been different had

his counsel made the argument Harper now proposes at sentencing, meaning the

Court need not proceed to examine the reasonableness of Harper's counsel's

representation. <u>Strickland</u>, 466 at 694; <u>Apfel</u>, 97 F.3d at 1076.

### 3. Alleged Failure to Raise Defendant's PTSD at Sentencing.

Harper's second argument also fails because he has not provided the

Court with any evidence that he suffers from post-traumatic stress disorder or

any argument that there is a reasonable probability the Court would have altered

Harper's sentence had he provided his counsel with such a diagnosis prior to his

sentencing.

First, Harper bears the burden of proving his claim for relief.  He cannot satisfy this burden where, as here, he has not submitted any evidence in support of his claim.  Harper simply alleges he suffers from PTSD without providing any evidence to support that allegation.  Strickland, 466 U.S. at 694.

Second, even if the Court accepted as true Harper's allegation that he suffered from PTSD at the time of sentencing, without more this fact could not create a "reasonable probability" the Court would have sentenced Harper differently.  Strickland, 466 at 694.  Harper's counsel made extensive arguments both in briefing submitted to the Court and orally at Harper's sentencing hearing regarding the traumatic events Harper suffered earlier in his life and the effect these events had on Harper's mental health.  (Docs. 49, 51.)  As Harper notes in his submissions, the Court responded to these arguments by requiring Harper to participate in a psychological/psychiatric counseling or treatment program as a special condition of his eventual supervised release.  (Doc. 52 at 4.)  Even if the Court had been presented with a diagnosis of PTSD at sentencing, Harper fails to explain how this diagnosis could have changed the Court's calculation of his Guidelines sentencing range.  Based on the foregoing, the theoretical addition of

an official PTSD diagnosis to Harper's arguments at sentencing would not have altered the Court's sentence.

### G. Certificate of Appealability

Under <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000), in resolving a § 2255 motion the Court must issue a certificate of appealability on both its procedural and substantive rulings unless it makes certain findings.  For its procedural rulings, to deny a certificate of appealability, the Court must find that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u>  For its decisions on the merits, to deny a certificate of appealability, the Court must find that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Id.</u>  These requirements are satisfied both with regard to the Government's procedural Motion to Dismiss, as well as for Harper's four substantive claims for relief in his Motion to Vacate. Accordingly, the Court will not issue a certificate of appealability.

## ORDER

Based on the files, records, and proceedings herein, **IT IS HEREBY**

**ORDERED**:

1. Defendant's Motion to Amend the Docket (Doc. 85) is **GRANTED** and the Court acknowledges that Defendant brought his Motion pursuant to 28 U.S.C. § 2255 as opposed to 18 U.S.C. § 2255;

2. Defendant's Motion to Respond to the Government's Motion to Dismiss (Doc. 89) is **GRANTED** and the Court accepts Defendant's filing in response to the Government's Motion to Dismiss;

3. Plaintiff's Motion to Dismiss Defendant's Motion to Vacate Sentence Under 28 U.S.C. § 2255 as Time-Barred (Doc. 86) is **GRANTED**;

4. Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 70) is **DENIED**;

5. Defendant's Motion to Appoint Counsel (Doc. 72) is **DENIED**; and

6. The Court denies a Certificate of Appealability in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY**


Dated:  September 16, 2022                    s/Michael J. Davis
                                             Michael J. Davis
                                             United States District Court