UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                            MEMORANDUM OF LAW & ORDER
                                ON MOTION FOR
                            COMPASSIONATE RELEASE
                            Criminal File No. 16-00075 (MJD)

DERRICK ANGELO HARPER,

        Defendant.

Katharine T. Buzicky, Assistant United States Attorney, Counsel for Plaintiff.
Derrick Angelo Harper, pro se.

## I.  INTRODUCTION

This matter is before the Court on Defendant Derrick Angelo Harper's Pro Se Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A).  (Doc. 106.)  For the following reasons, Defendant's motion is denied.

## II.  BACKGROUND

On August 11, 2016, Defendant Derrick Angelo Harper pled guilty to Count 1 of the Indictment, Bank Robbery, in violation of 18 U.S.C. § 2113(a).

On September 27, 2016, the Court sentenced Defendant to a Guidelines sentence of 188 months in custody followed by three years supervised release.

1

He is currently incarcerated at Sandstone FCI, Sandstone, Minnesota and has an expected release date in November 2028. BOP, Find an inmate, https://www.bop.gov/inmateloc/ (last accessed Aug. 16, 2024). Defendant has had no disciplinary infractions during his prison sentence. (Gov. Ex. 2.)

### III.   DISCUSSION

Defendant cites the following grounds for his motion for compassionate release: (1) he has hypertension, and (2) he has been rehabilitated. In his original motion and subsequent filings, Defendant also argued that he was needed to care for his mother who had terminal cancer (Docs. 106, 106-1, 108), but he has now notified the Court that his mother passed away. (Docs. 120 at 1, 124 at 2).

#### A.   Legal Framework

The court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,

> reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i) <u>extraordinary and compelling reasons</u> warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

2

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

In pertinent part, the United States Sentencing Guidelines define "extraordinary and compelling reasons" in the following way:

> (b) Extraordinary and Compelling Reasons.—Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
> (1) Medical Circumstances of the Defendant.—
>
> . . .
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
>
> . . .
>
> (d) Rehabilitation of the Defendant.—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

U.S.S.G. § 1B1.13(b), (d).

### B.     Exhaustion of Administrative Remedies

Before the Court will consider Defendant's claims, the claims must first be presented to the BOP.  18 U.S.C. § 3582(c)(1)(A); United States v. Houck, 2 F.4th 1082, 1084 (8th Cir. 2021).  Here, the parties agree that Defendant properly exhausted his administrative remedies.  (See Docs. 106-1; 131 at 3.)

## C.   Compassionate Release

None of Defendant's reasons satisfy his burden to state "extraordinary and compelling" circumstances that comport with the statute.  See United States v. Avalos Banderas, 39 F.4th 1059, 1062 (8th Cir. 2022) (stating that "the inmate bears the burden to establish that compassionate release is warranted and the district court is not required to investigate possible avenues for relief or to develop the record in support of a motion") (citation omitted).

First, Defendant has not met his burden to show he is "suffering from a medical condition" that requires "specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death."  U.S.S.G. § 1B1.13(b)(1)(C).  Defendant provided no support for his hypertension claim.  Although the Government was not obligated to do so, it obtained Defendant's medical records, which show that Defendant's hypertension is "well controlled."  (Gov. Ex. 1 at 8.)  Thus, Defendant's hypertension, a common medical condition, is not an "extraordinary and compelling" circumstance justifying compassionate release.

Second, because Defendant's first argument fails, any rehabilitation is not a basis for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  See 28 U.S.C. §

4

994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."); United States v. Logan, 532 F. Supp. 3d 725, 735 (D. Minn. 2021) ("Prisoners are supposed to follow the rules, take classes, work at a job, and otherwise attempt to improve themselves. . . . [T]here is nothing 'extraordinary and compelling' about a prisoner who simply does the things that prisoners are supposed to do.") (emphasis in original).

### D.  18 U.S.C. § 3553(a) Factors

The Court finds that early release would be contrary to the factors set forth in 18 U.S.C. § 3553(a).  In this case, Defendant was sentenced for his third bank robbery.  In each, he made violent threats to the tellers he robbed.  (PSR ¶¶ 6, 45, 46.)  He also committed the second and third robberies while on supervised release from each of the previous robberies.  (Id. ¶¶ 6-10, 46.)  Defendant received graduated sentences for each robbery, the most recent one being 151 months.  The Court recognized that these sentences had no deterrent effect when it sentenced Defendant to 188 months.  In its Statement of Reasons, the Court stated that it considered "Defendant's difficult childhood, his addictions, his developmental delays, [and] the losses that he recently suffered, as well as the factors under § 3553(a)" when deciding upon a sentence.  (Doc. 54 at 8.)  The

Court finds that Defendant's criminal history of three nearly back-to-back bank robberies with threats warrants serious punishment because not even a 151-month sentence deterred Defendant from committing bank robberies while on supervised release. Thus, the need to afford deterrence to future criminal conduct, to reflect the seriousness of Defendant's offense, to provide just punishment, and to protect the public weigh heavily against early release. Defendant's motion is also denied on this basis.

### IV. ORDER

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) **[Doc. 106]** is **DENIED.**

Date:  August 19, 2024

                                           s/Michael J. Davis
                                           Michael J. Davis
                                           United States District Court